# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

Mark N. Fellenz
PLAINTIFF

                          CIVAL ACTION

V.

                          NO. 04•10563 PBS

Enkata Technologies
DEFENDANT

## AMMENDMENT

### BACKGROUND

1. The following is amended to the above civil action in light of recent events.

2. The simple fact of the matter is Enkata Technologies ("Defendant") has failed to provide Mark Fellenz ("CHEWIE") with an explanation of denial of benefits. This is despite many, many efforts demanding an explanation of denial that comports with the facts, facts that clearly show *identical* treatments delivered in months prior to September 2002 were approved, covered, and 100% paid for by HealthNet, the insurer of record at the actual time of treatment, and that HealthNet would have reasonably continued to cover treatment if it had not been for Defendant's decision to make a *retroactive* carrier change. Defendant's retroactive carrier change is the *one and only* factor that kept HealthNet from continuing to cover treatment, and in fact – prior to the point in time the retroactive carrier change was *actually* made – HealthNet *confirmed coverage* when CHEWIE directly contacted HealthNet to confirm coverage was in existence.

3. Defendant's faulty (but standing) position on denial last and informally articulated on December 5, 2003 (and despite many, many demands that Defendant produce a formal, written explanation of denial) is the following:

   "... *Our position is that since you would not have been covered under HealthNet's plan* [original insurer] *for the medical services you received after we switched plans Enkata is not liable for the cost of those services. If HealthNet would have covered the cost of those services even though Blue Shield* [retroactive insurer] *declined to cover them we would be responsible and would cover them. ...*" – Enkata Technologies

4. Clearly, a *quid pro quo* standard is erected by Defendant, that being the following: if HealthNet had covered treatment in prior months, then Defendant would be responsible if Blue Shield were to deny coverage. Unfortunately, Defendant has even more clearly backed away from their own statement once the fact was known that *identical* treatment in prior months had been covered and 100% paid for by HealthNet (a fact that may or may not have been known at the time Defendant offered the above statement but would go to Defendant's intent to evade and / or obstruct their responsibility if Defendant offered the above thinking it was a reasonable basis, i.e. an 'excuse', on which to not honor benefits only to back away from the statement once Defendant learned of the fact treatment was covered and 100% paid for in prior months).

5. What is nonsensical is that Defendant and Defendant's lawyers has been *repeatedly* informed of the facts that treatment was approved and covered and that *identical* treatments delivered in prior months were approved, covered, and 100% paid for by HealthNet. This has been communicated to Defendant and Defendant's lawyers almost too many times to count and yet no explanation of denial has been provided that takes into account these facts. Furthermore, these facts alone, i.e.

that treatment was 100% paid for in prior months, would appear to meet the *quid pro quo* standard implicit in Defendant's own statement.

6. To date, absolutely no formal, written explanation of denial of benefits has *ever* been received by CHEWIE. Only the above informal statement has been offered despite many specific requests for a *"detailed explanation signed-off by both . . . [Defendant and Defendant's lawyers] . . . making clear the basis for denial of benefits"*.

7. Additionally, Defendant and Defendant's lawyers have virtually disengaged from any meaningful dialogue, leaving CHEWIE with no recourse but to avail himself of the Court in order to seek justice.

8. This failure to produce an explanation of denial that reasonably takes into account known facts is yet another instance of Defendant's gross misconduct and now even Defendant's *obstruction* of its obligation to fulfill its fiduciary responsibility. This account is specifically amended to the above civil action accordingly.

(The rest of this page is intentionally left blank.)