**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

2004 JUL 13 P 3: 14

U.S. DISTRICT COURT
DISTRICT OF MASS

Mark N. Fellenz
PLAINTIFF

CIVAL ACTION

V.

NO. 04•10563 PBS

Enkata Technologies
DEFENDANT

## AMMENDMENT

### BACKGROUND

1. Through extraordinary and persistent hard work on the part of Mark Fellenz ("CHEWIE"), it has finally been determined with absolute certainty that Enkata Technologies ("Defendant"), in fact, did change health insurance carriers *retroactively*, i.e. *after* the date CHEWIE received treatment. This fact is in process of being documented / put into writing by the primary source, which will be named later. The exact date of Defendant's carrier change is no longer a point of contention and will readily be produced with the assistance of the above authoritative source, when appropriate.

2. The above fact is central to the matter before the Court for the following two reasons. First, there is now no doubt the carrier change occurred *after* the actual date of treatment – CHEWIE would, naturally, have to have been clairvoyant in order to either foresee or anticipate Defendant's carrier change. Second, there is a clearly demonstrated history that *identical* treatments were approved, covered, and 100% paid for by HealthNet in months prior to September 2002, making very clear the implicit and reasonable expectation on CHEWIE'S part that coverage would continue as long as necessary (just so long as CHEWIE paid his COBRA premium in a timely fashion).

3. It is important to note the *retroactive* nature of Defendant's carrier change has been ascertained with absolutely <u>no</u> assistance on the part of Defendant. In fact, Defendant continues to this day to outright refuse to provide answers to such simple questions as *"When was it, i.e. what date was it, Enkata actually informed HealthNet of Enkata's decision to cancel its plan with HealthNet ?"*

4. Furthermore, Defendant has recently asserted that *"treatment happened after the change"*. This is clearly a fraudulent assertion on Defendant's part as Defendant is well aware of both the timing of treatment and the date of Defendant's carrier change. It is simply inexcusable that Defendant can go to such lengths to misrepresent the truth and evade and obstruct its fiduciary obligation to honor past benefits. Note, this is all while Defendant has *steadfastly refused* to provide the above information despite repeated / extensive requests – both in writing and by phone – that Defendant produce such information. (It is further contended that the date on which a Plan was cancelled – a factor that has *direct* bearing on an individual's health insurance policy – should reasonably and immediately be shared upon request.)

5. There can be no disputing Defendant – by taking it upon themselves to effect a retroactive carrier change – thereby assumed *all* responsibility for any consequences of Defendant's very own action, especially any 'gap' that might be created between benefits that were in place at the actual time of treatment and a different health insurance plan – one that did not cover the specific medical care approved by the original plan – that was retroactively put in place as a replacement much after the fact. It is, simply put, inappropriate (and even illegal) to have negatively impacted *past* benefits in such a manner.

## **RELIEF**

The above – refusing to produce information CHEWIE is entitled to while asserting a very plain falsehood in order to mislead CHEWIE of the true facts, fact Defendant repeatedly refuses to produce – only serves to highlight the lengths Defendant will go to in order to both evade and obstruct Defendant's fiduciary responsibility. Even more, this reinforces that Defendant must be held fully accountable for *all* applicable penalties *to the fullest extent of the law* – It's unbelievable CHEWIE should have to go to such lengths to unearth the simple facts related to Defendant's retroactive carrier change while Defendant freely misrepresents the truth in an effort to 'make the matter go away'. The simple fact is Defendant refuses to honor benefits that were only negatively impacted by Defendant's own, deliberate actions. The simple, recently-uncovered fact treatment was delivered *before* Defendant's retroactive carrier change occurred speaks for itself (and the extraordinarily poor behavior and incredible lengths Defendant will go to in order to evade and obstruct its clear fiduciary responsibility). Defendant must, thereby, be held fully accountable in accord with Relief enumerated in the original Complaint and other, subsequent Amendments and in a manner fully commensurate with Defendant's pervasive misconduct.

Signature  _[signature]_

Name        MARK FELLENZ, PRO SE

Address    95 LANGLEY ROAD #1
           NEWTON CENTER, MA  02459

Telephone  857-205-5742 (cellular)