# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

### MOTION FOR ENLARGEMENT OF TIME FOR SUMMONS

Mark N. Fellenz
PLAINTIFF

          V.

Enkata Technologies
DEFENDANT

CIVAL ACTION

NO. 04•10563 PBS

## MOTION

1. Mark Fellenz ("Plaintiff") requests, if necessary, that the Court accept motion for enlargement of time under Fed. R. Civ. P. 6(b). Plaintiff acknowledges the 120 day period prescribed by Fed. R. Civ. P. 4(m) is about to expire, and Plaintiff requests under Fed. R. Civ. P. 6(b) for the enlargement of time to effect summons.

2. The attached affidavit offers grounds for the Motion.

3. It should be noted Plaintiff only seeks a nominal amount of time to tie loose ends together and finally effect service of summons on Enkata Technologies ("Defendant") by January 1, 2005.

Signature   _____

Name       MARK FELLENZ, PRO SE

Address    95 LANGLEY ROAD #1
           NEWTON CENTER, MA 02459

Telephone  857-205-5742 (cellular)

# AFFIDAVIT

**REGARDING MOTION FOR ENLARGEMENT OF TIME FOR SUMMONS**

Mark N. Fellenz  
PLAINTIFF

V.

Enkata Technologies  
DEFENDANT

CIVAL ACTION

NO. 04•10563 PBS

1. Mark Fellenz ("Plaintiff") attests to the following as cause for requesting enlargement of time to effect summons under Fed. R. Civ. P. 6(b).

    > Plaintiff had continued throughout the early portion of the 120 day period toward an amicable resolution to this matter. While those hopes were dashed rather quickly, this 'took away' time that should have been – in retrospect – spent on effecting summons. Regardless, this was a good-faith effort on the Plaintiff's part to save the Court's time and, hopefully, this would not be held against Plaintiff.

    > Plaintiff has simply been challenged the past few months with finding the time needed to focus on this matter. For once, things have started going well for Plaintiff the past few months and a complete, all-out effort was required for some period of time. This unfortunately distracted from Plaintiff's ability to work on this matter.

    > It has become apparent the lawsuit will likely need to be enlarged to include, among others, the health insurance company involved. This is directly due to the uncovering of additional facts and information that have been and continue to be purposely withheld from Plaintiff. It

has since been decided to continue the lawsuit 'as-is' for the moment, but these factors caused delays by forcing Plaintiff to reassess strategy, conduct additional legal research, et cetera, all of which distracted from effecting summons within the 120 day period.

- Plaintiff has tried to secure counsel in this matter but has been stymied each step of the way.

- With all dues respect to the Court, Plaintiff was eager to proceed over the Summer of 2004 and had slotted the necessary time to effect summons and complete related tasks.  The Court, however, erred in not originally notifying Plaintiff of the Court's acceptance of the above civil action and, in effect, wasted the time Plaintiff had set aside to attend to this matter.  Once the Court had realized it's error and notified Plaintiff in August 2004, Plaintiff's time was already consumed / scheduled for other activities important to Plaintiff's ability to earn a base income. <u>It should be noted Plaintiff inquired on whether this civil action had 'fallen through the cracks' on more than one occasion during the Summer of 2004 and was assured that Plaintiff would be notified once the civil action had been finally accepted by the Court</u>.  The fact speaks for itself: Plaintiff was right to have questioned the promptness and accuracy of the process yet was regardless prevented from moving forward with legal action by a totally inadvertent and unintended bureaucratic snafu.  Plaintiff regrets using this as an excuse, but the simple fact is Plaintiff had set aside ample time to attend to this matter in the Summer of 2004 when the matter should have been handed, not the Fall of 2004.  Plaintiff should not be penalized in the end by this circumstance, especially when Plaintiff had tried to put forth a 'best effort'.

- The process of executing service of the summons issued by the Court is already underway – a process server has already been engaged and will have already been sent the materials needed to effect summons by the time this Affidavit reaches anyone's attention.  This is done in the hope it prevents the 120 day period from suddenly becoming a hurdle in the near future.

2. Plaintiff attests that the above are true and that any of the above can be elaborated upon as needed in order to substantiate this request.

|  |  |
|---|---|
| Signature | */s/ Mark Fellenz* |
| Name | MARK FELLENZ, PRO SE |
| Address | 95 LANGLEY ROAD #1<br>NEWTON CENTER, MA  02459 |
| Telephone | 857-205-5742 (cellular) |