# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**MOTION FOR LIMITED APPOINTMENT OF COUNSEL**

Mark N. Fellenz
PLAINTIFF

    V.

Enkata Technologies
DEFENDANT

CIVAL ACTION

NO. 04•10563 PBS

# **MOTION**

1. Mark Fellenz ("Plaintiff") hereby requests that the Court appoint an attorney to assist Plaintiff in a very limited manner with this Civil Action against Enkata Technologies ("Defendant") for the following reasons.

   > <u>Plaintiff has made concerted efforts to secure legal assistance</u>. The simple truth, however, is that any attorneys will not consider working on the matter without having first secured a very sizeable retainer. This leaves Plaintiff in a very difficult situation – put up $1,000's to secure legal assistance or set aside the very same $1,000's in the event payment for past treatment is demanded at some point as a means to protect access to continued treatment. Plaintiff has found no lawyer willing to take the case on contingency, regardless of their initial opinion of the case's merits, and Plaintiff simply can not put at risk continued access to treatment by spending limited monies on retaining legal assistance.

   > <u>Plaintiff has very limited funds, which greatly exacerbates the above point</u>. Plaintiff needs to – *above all else* – protect access to continued treatment of a serious and on-going illness. The matter central to this case continues month-in and month-out to potentially disrupt on-going

treatment by forcing Plaintiff to carry the liability for medical costs that were approved at the actual time of treatment and should have been 100% paid for (as identical treatment was paid for in prior months). The matter of limited funds makes mutually exclusive the actions of 1) hiring a lawyer or 2) safeguarding monies to protect access to continued treatment. Plaintiff simply can not do both without completely tapping Plaintiff's limited funds and / or putting in jeopardy Plaintiff's ability to pay for past treatment as a means to protect access to continued treatment. Currently available funds could barely cover long-outstanding medical costs, on-going health insurance premiums, and adequate living expenses over a very short period of time before Plaintiff is completely broke.

> <u>Plaintiff has tried numerous times to seek 'free assistance'</u>. This has yielded hardly any value other than a few very short and not-so-helpful consultations.

> <u>Lastly, the legal experience related to health insurance benefits administration that would be helpful to this matter is hard to come by</u>. While appointment of counsel with appropriate legal experience would be most helpful, it is not an absolute. Needless to say, however, it has made efforts to secure legal assistance even more difficult.

2. Plaintiff only asks for limited legal assistance in helping guide Plaintiff through the legal process and in assessing legal strategy, <u>not representing Plaintiff in Court</u>. Plaintiff makes this distinction in order to both make only the most judicious use of appointed counsel's time while, at the same time, Plaintiff works to best understand the law and conduct a Pro Se representation of the Civil Action itself. This arrangement may help ensure things stay on track while hopefully saving the Court's and appointed counsel's time. Plaintiff expects no less than to do the best job he can in representing this matter before the Court but also acknowledges his limited legal experience, an

item that could hopefully be remedied with limited assistance of appointed counsel.

3. Plaintiff also offers in a good-faith effort to find a 'middle ground' that, in the case an adequate / sizable judgment is levied against Defendant, a contingency arrangement commensurate with the time and effort invested by appointed counsel would be directed in order to compensate appointed counsel within reason. Plaintiff does not intend to ask for a 'free ride'; rather, Plaintiff requests a modicum of assistance to help make sure the matter before the Court is presented and handled in a manner consistent with the Federal Rules of Civil Procedure as well as the Court's standards / expectations of day-to-day proceedings.

| | |
|---|---|
| Signature | *[signature]* |
| Name | MARK FELLENZ, PRO SE |
| Address | 95 LANGLEY ROAD #1<br>NEWTON CENTER, MA  02459 |
| Telephone | 857-205-5742 (cellular) |