UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARK N. FELLENZ,  )
                 )
     Plaintiff,  )
                 )
v.               )
                 )    C.A. No. 04-10563-PBS
ENKATA TECHNOLOGIES, INC., )
                 )
     Defendant   )

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AMENDMENT

Now comes the defendant, Enkata Technologies, Inc., and for its answer in the above-captioned matter states as follows:

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. The defendant admits that it is a Delaware corporation with a place of business at 2121 South El Camino Real, Suite 1200, San Mateo, California. The defendant denies any other allegations contained in this paragraph.

3. The defendant answers that this paragraph states legal conclusions rather than facts and no response is, therefore, required. To the extent that this paragraph purports to state facts, they are denied.

4. The defendant answers that this paragraph purports to identify the "Federal Statutes involved" rather than assert facts and no response is, therefore, required. To the extent that this paragraph purports to state facts, they are denied.

5. The defendant answers that this paragraph purports to cite to "any U.S.C. applicable to a breach in the contract as entered into by Mark N. Fellenz [plaintiff]" rather than

1

assert facts and no response is, therefore, required. To the extent that this paragraph purports to state facts, they are denied. More particularly, the defendant denies that it had a contract with the plaintiff.

6. The defendant answers that this paragraph purports to set forth the basis for this Court's jurisdiction rather than assert facts and no response is, therefore, required.

7. The defendant denies the characterizations and vague statements of purported fact set forth in this paragraph.

8. The defendant admits that it elected to change health insurance carriers and states that such conduct is not actionable. The defendant denies that by changing carriers it assumed "responsibility to cover all impacts on past benefits incurred by the change." The defendant admits that the new carrier would not cover plaintiff's treatments on the ground that they were "not established by the FDA or scientific literature" but states that such denial of coverage does not create or impose any liability on the defendant.

9. The defendant admits that the plaintiff elected continued health insurance coverage through the defendant under COBRA. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

10. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Further answering, the defendant says that the plaintiff paid his premiums directly to the insurance carrier and that defendant, therefore, had no record of the fact or timeliness of the payments.

11. The defendant denies the allegations set forth in the first sentence. The defendant admits that it changed health insurance carriers in September 2002. The defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph regarding actions allegedly undertaken by the plaintiff.

12. The defendant denies the allegations of this paragraph.

13. The defendant admits that new coverage was confirmed on September 18, 2002 and made retroactive to September 1, 2002. The defendant denies that this was done without any "notification or consultation" but admits that it did not consult with plaintiff regarding the change. The defendant denies the remaining allegations of this paragraph and further answers that it has gone to great lengths to explain the matter to the plaintiff.

14. The defendant denies the allegations and characterizations of this paragraph.

15. The defendant denies the allegations and characterizations of this paragraph.

16. The defendant denies the allegations and characterizations of this paragraph.

17. The defendant denies the allegations and characterizations of this paragraph. Further answering, the defendant says that it made efforts to assist the plaintiff and encouraged him to exhaust his administrative remedies, which he failed and refused to do.

18. The defendant denies the allegations and characterizations of this paragraph.

19. The defendant denies the allegations and characterizations of this paragraph.

20. The defendant answers that this paragraph constitutes a request that the Court lend assistance in drafting the complaint rather than assert facts and no response is, therefore, required.

21. The defendant denies the allegations and characterizations of this paragraph. The defendant further answers that the allegations contain supposition and speculation and therefore are not appropriate assertions of fact.

22. The defendant denies the allegations and characterizations of this paragraph.

## RELIEF REQUESTED

And further answering, the defendant denies that plaintiff is entitled to the damages claimed or to the relief demanded.

Now comes the defendant, Enkata Technologies, Inc., and for its answer to the plaintiff's

"Amendment" in the above-captioned matter states as follows:

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. More particularly, the defendant has no knowledge of EBSA's case notes.

3. The defendant denies the allegations and characterizations of this paragraph. Further answering the defendant says that the document attached to plaintiff's amendment is unverified and is not authenticated. Accordingly, the defendant is without knowledge or information sufficient to form a belief as to the truth of the origin of the document.

4. The defendant denies the allegations and characterizations of this paragraph. Further answering the defendant says that the plaintiff did not exhaust his administrative remedies or remedies available under the plan and has not provided all documents requested by defendant and defendant's insurance carrier. Additionally, the defendant says that it did not "deny coverage."

5. The defendant denies the allegations and characterizations of this paragraph. Further answering the defendant says that the plaintiff did not exhaust his administrative remedies or remedies available under the plan and has not provided all documents requested by defendant and defendant's insurance carrier. Additionally, the defendant says that it did not "deny coverage."

6. The defendant denies the allegations and characterizations of this paragraph.

7. The defendant admits that it did not conduct a medical review. The defendant denies the remaining allegations and characterizations of this paragraph.

8. The defendant denies the allegations and characterizations of this paragraph.

9. The defendant admits that it did not conduct a medical review and says that it did

not "deny coverage." The defendant denies the remaining allegations and characterizations of this paragraph.

10. The defendant denies the allegations and characterizations of this paragraph.

11. The defendant denies the allegations and characterizations of this paragraph.

## RELIEF REQUESTED

And further answering, the defendant denies that plaintiff is entitled to the damages claimed or to the relief demanded.

## FIRST AFFIRMATIVE DEFENSE

Each and every allegation in the complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's action is barred for lack of valid consideration.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff's action is barred because the plaintiff has not been caused any damage by any conduct of the defendant.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff's action is barred because defendant's actions, if any, were neither the cause in fact nor the proximate cause of plaintiff's injury, if any.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff's action is barred because the defendant has not materially breached any contract with the plaintiff and has fulfilled all of its duties and obligations to the plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff's action is barred because the defendant has not breached any duties owed to the plaintiff, if any.

### SEVENTH AFFIRMATIVE DEFENSE

The defendant asserts that plaintiff's claims against it are barred because the damages or losses experienced, if any, were not due to any act or failure to act of this defendant, but were caused solely by the acts of the third party or parties for whose acts or failure to act this defendant is not responsible.

### EIGHTH AFFIRMATIVE DEFENSE

Venue is improper in this Court.

### NINTH AFFIRMATIVE DEFENSE

The plaintiff's claims are preempted or prohibited under 29 U.S.C. 1001, et seq. ("ERISA").

### TENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by his failure to exhaust administrative remedies.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his failure to exhaust remedies under the plan.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

Respectfully submitted,
ENKATA TECHNOLOGIES, INC.
By its attorney,

*Edward C. Cooley*
Edward C. Cooley  BBO # 550117
GIARRUSSO, NORTON, COOLEY
 & McGLONE, P.C.
308 Victory Road
Quincy, MA  02171
(617) 770-2900

## CERTIFICATE OF SERVICE

I, Edward C. Cooley, attorney for the defendant, hereby certify that a true copy of the foregoing document was served, this day, by delivering first-class mail, postage prepaid upon the attorney for the Plaintiff, Mark W. Sellenz, Esq., 95 Langley Road, #1, Newton Center, MA.

DATED: 12/27/04

*Edward C. Cooley*
Edward E. Cooley