```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

MARK N. FELLENZ,                   )
                                   )
           Plaintiff,              )
                                   )
      v.                           )  C.A. No. 04-10563-PBS
                                   )
ENKATA TECHNOLOGIES,               )
           Defendant.              )
```

ORDER ON MOTION FOR APPOINTMENT FOR COUNSEL

In an order dated April 27, 2004, this Court found the defendant to have sufficient funds to pay the filing fee for this case, and therefore denied plaintiff Mark Fellenz's application to proceed without prepayment of fees and ordered him to pay the filing fee within 35 days.  On May 14, 2004, Fellenz paid the filing fee, but the Clerk did not issue a summons for the defendant.  Cf. Fed. R. Civ. P. 4(b).

Since that time, Fellenz has filed numerous "amendments" to the complaint but has failed to request leave to do so after filing the first amendment.  Fed. R. Civ. P. 15(a).  On August 2, 2004 an Order entered directing issuance of summons for the defendant and directing the first amended complaint be served within 120 days from that date.  The Order further directed Plaintiff to either file a motion concerning the subsequent amendments to his complaint, or seek the written consent of the defendant concerning the filing of the

amendments after service has been made.

In response to that Order, on December 1, 2004, Plaintiff filed 1) a motion to extend time to serve (#10); 2) a motion to amend the complaint (#11); and 3) a motion for limited appointment of counsel (#12).  Plaintiff does not seek counsel to represent him in court hearings, but to help guide him through the legal process and assess legal strategy.

In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See DesRosiers v. Moran, 949 F. 2d 15, 23 (1st Cir. 1991).  In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  Id. at 23-24 (citations omitted).

In this case, because Plaintiff was not found to be *in forma pauperis* and has not provided any updated financial information showing that he qualifies for counsel, the appointment of Pro Bono counsel to represent Plaintiff, even for limited purposes, is denied without prejudice to renew, upon the filing of a completed Application to Proceed Without

Prepayment of Fees, or a Financial Affidavit, which shall include all financial information of the Plaintiff.  In considering whether a defendant is indigent, "a court may consider the resources that the applicant has or "can get" from those who ordinarily provide the applicant with the "necessities of life," such as "from a spouse, parent, adult sibling or other next friend."" <u>Fridman v. The City of New York</u>, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) <u>quoting</u> <u>Williams v. Spencer</u>, 455 F. Supp. 205, 208-09 (D. Md. 1978) (other citations omitted).

Even if Plaintiff were found to be indigent at this time, Plaintiff has not shown the kind of exceptional circumstances to warrant appointment of Pro Bono counsel to represent him. Under 28 U.S.C. §1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1).  However, a civil plaintiff lacks a constitutional right to free counsel.  <u>DesRosiers,</u> 949 F.2d at 23.  Unfamiliarity with the Rules of Procedure is generally not sufficient justification for appointment of counsel in this case. However, the Pro Se Staff Attorneys can assist to a limited extent.

Accordingly, if the Plaintiff wishes to renew his request for appointment of Pro Bono counsel on a limited basis, he shall also demonstrate exceptional circumstances which would justify such appointment.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED that Plaintiff's motion for limited appointment of counsel is denied without prejudice to renewing upon the filing of a completed Application to Proceed Without Prepayment of Fees, or a Financial Affidavit, within thirty-five (35) days of the date of this Order.  The clerk shall provide those forms to the Plaintiff along with this Memorandum and Order. If the Plaintiff fails to meet the requirements of this Memorandum and Order, he shall be deemed to have elected to proceed pro se in this action.  All other pending motions filed by the Plaintiff are denied at this time, without prejudice to renew after the issue of appointed counsel is resolved.

/s/ Patti B. Saris  
PATTI B. SARIS  
UNITED STATES DISTRICT JUDGE

Dated: January 3, 2005