# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

2005 FEB -9 P 3: 10

U.S. DISTRICT COURT
DISTRICT OF MASS

## RESPONSE ON ORDER ON MOTION FOR APPOINTMENT FOR COUNSEL

Mark N. Fellenz
PLAINTIFF

V.

Enkata Technologies
DEFENDANT

CIVAL ACTION

NO. 04•10563 PBS

## STATEMENT

1. In response to Court's <u>Order on Motion for Appointment for Counsel</u> dated January 3, 2005, Mark Fellenz ("Plaintiff") hereby responds with the attached Financial Affidavit and supporting statement below.

2. In addition to the attached Financial Affidavit, Plaintiff attests to the following:
   - Plaintiff owns a 401K retirement account valued at $18,600.35 as last checked on January 5, 2005. Plaintiff foresees a need to make withdrawal(s) in the very near future just to cover on-going living expenses. Note: SIGNIFICANT penalties also exist for early withdrawal as this is a retirement account accountable for federal and state taxation (as well as related penalties) associated with early withdrawal. (Cash value is somewhere in the neighborhood of $13,000 depending upon exact taxation and penalties.)
   - Plaintiff owns a 1990 Ford Escort valued at approximately $500 and which is Plaintiff's sole method of transportation other than the use of public transportation.

- ➢ Plaintiff possesses no other funds or assets (aside from a meager bank account) with which to obtain legal services.

- ➢ Plaintiff relies on no family member, other individual, or entity for income, financial support, et cetera. Plaintiff has filed individually for taxation purposes since the early 1990's.

- ➢ Plaintiff is currently engaged full-time with starting a business of which he is part owner and has duties and responsibilities to others. While it's Plaintiff's wish that the business were able to generate a living wage, the business is unsteady and can not be counted upon for income at this time. **Should that change during the course of this matter, Plaintiff will immediately sever any Pro Bono legal assistance (should it be provided) and either continue Pro Se or formally obtain <u>paid</u> legal services.**

- ➢ Plaintiff has not been employed in a permanent, full-time position since becoming seriously ill in late 2001 / early 2002. Since that time, Plaintiff has sporadically been able to obtain part-time work to make ends meet.

- ➢ Plaintiff currently holds financial liability of approximately $9,000 in health care costs that are related to Plaintiff's on-going illness. (Much of these costs should have been covered as they had been in months prior to September 2002.)

- ➢ By virtue of Defendant's refusal to honor benefits actually in place at the time of treatment, Plaintiff is forced to hold in reserve the very $1,000's Plaintiff would otherwise use to obtain legal services. This reserve is needed in the event Plaintiff is forced to make payment on past medical liabilities in order to protect access to on-going treatment.

3. In light of the above (and attached Financial Affidavit), Plaintiff's very limited assets can not be diverted to pay for legal services. What little Plaintiff has available must go to cover both living

expenses and health care costs.

4. For clarification, Plaintiff does not necessarily seek the appointment of Pro Bono representation, merely appointment of a lawyer to assist in an advisory capacity as stated in Plaintiff's Motion (#12).

5. Lastly, Plaintiff highlights Defendant's action to *not* honor past benefits is in direct contradiction to the facts at hand, is inconsistent with Defendant's own admission of failure to the Department of Labor, and is in absolute conflict with Defendant's own statement acknowledging fiduciary responsibility in the event treatment prior to September 2002 had been covered. Plaintiff brings this to the Court's attention, not as statements of opinion, but as statements of fact that serves to highlight the bad-faith extended by Defendant, which is directly causal to Plaintiff's need for legal assistance. To deny legal assistance in the face of such questionable acts on the part of Defendant would only serve to increase Defendant's ability to defend itself by mitigating Plaintiff's ability to press the matter before the Court. This is considered an 'exceptional circumstance' that directly results in a 'fundamental unfairness' impinging on both Plaintiff's case and Plaintiff's rights.

| | |
|---|---|
| Signature | *[signature]* |
| Name | MARK FELLENZ, PRO SE |
| Address | 95 LANGLEY ROAD #1<br>NEWTON CENTER, MA  02459 |
| Telephone | 857-205-5742 (cellular) |

# FINANCIAL AFFIDAVIT
## IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT OR OTHER COURT SERVICES WITHOUT PAYMENT OF FEE

CJA 23
REV 5/88

IN UNITED STATES ☐ MAGISTRATE ☐ DISTRICT ☐ APPEALS COURT or ☒ OTHER PANEL (Specify below)

IN THE CASE OF: Mark N. Kenelx v.s. Mark Kadowski
FOR: FILED IN CLERKS OFFICE
AT: 2005 FEB -9 P 3:11
U.S. DISTRICT COURT
DISTRICT OF MASS.

LOCATION NUMBER: Boston, MA

PERSON REPRESENTED (Show your full name): Mark N. Kenelx, 95 Langley Road #1, Newton Center, MA 02459

☒ 1 Defendant – Adult
☐ 2 Defendant – Juvenile
☐ 3 Appellant
☐ 4 Probation Violator
☐ 5 Parole Violator
☐ 6 Habeas Petitioner
☐ 7 2255 Petitioner
☐ 8 Material Witness
☐ 9 Other

DOCKET NUMBERS
Magistrate:
District Court: 04-10563-PBS
Court of Appeals:

CHARGE/OFFENSE (describe if applicable & check box): ☐ Felony ☐ Misdemeanor

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

### ASSETS

**EMPLOYMENT**
- Are you now employed? ☐ Yes ☒ No ☒ Am Self-Employed
- Name and address of employer: Not applicable. Source of modest/recent income.
- IF YES, how much do you earn per month? $ Contract Based (Vary/None)
- IF NO, give month and year of last employment: October 2004
- How much did you earn per month? $ approx. $1500
- If married is your Spouse employed? ☐ Yes ☐ No
- IF YES, how much does your Spouse earn per month? $ __
- If a minor under age 21, what is your Parents or Guardian's approximate monthly income? $ __

**OTHER INCOME**
- Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources? ☒ Yes ☐ No
- IF YES, GIVE THE AMOUNT RECEIVED & IDENTIFY THE SOURCES:
  - $ 2289 — Boston Bank
  - $ 5000 — 401k cash withdrawal (Syntellect)
  - $ 200 — Wintara Software (penalties & taxes)

**CASH**
- Have you any cash on hand or money in savings or checking accounts? ☒ Yes ☐ No — IF YES, state total amount $ 1901.53

**PROPERTY**
- Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☒ Yes ☐ No
- IF YES, GIVE THE VALUE AND DESCRIBE IT:
  - VALUE $ 10,000.35 — DESCRIPTION: 401k (Note: Syntellect, penalties & taxes for early withdrawal)
  - $ 500 — Car (1990 Ford Escort)

### DEPENDENTS
- MARITAL STATUS: ☒ SINGLE ☐ MARRIED ☐ WIDOWED ☐ SEPARATED OR DIVORCED
- Total No. of Dependents: 0
- List persons you actually support and your relationship to them: __

### OBLIGATIONS & DEBTS

**DEBTS & MONTHLY BILLS** (LIST ALL CREDITORS, INCLUDING BANKS, LOAN COMPANIES, CHARGE ACCOUNTS, ETC.)

| APARTMENT OR HOME | Creditors | Total Debt | Monthly Paymt. |
|---|---|---|---|
| | Outstanding Medical Bills | $9,000+ | $ |
| | Health Ins. Plan | $ | $413 |
| | Rent, food, utilities | $ | $1500 |
| | Car, health, other out of pocket expenses | $ | $500 |

I certify under penalty of perjury that the foregoing is true and correct. Executed on (date) February 7, 2005

SIGNATURE OF DEFENDANT (OR PERSON REPRESENTED) ▶ Mark Kenelx Rose