UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK N. FELLENZ,<br><br>      Plaintiff,<br><br>v.<br><br>ENKATA TECHNOLOGIES, INC.,<br><br>      Defendant | C.A. No. 04-10563-PBS |

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT

Now comes the defendant, Enkata Technologies, Inc., and pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12 (b)(5), and 12(b)(6), moves to dismiss the Amended Complaint filed by the plaintiff in this matter on or about April 4, 2005. Alternatively, the defendant moves this court to transfer the case to the Federal District Court for the District of California on the ground of forum non conveniens. As grounds in support hereof, defendant states as follows:

    1.    The Amended Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because this Court lacks subject matter jurisdiction over this action. More particularly, the plaintiff has not pled sufficient facts to establish that the insurance policies in question are "plans" governed by ERISA. See, Eide v. Grey Fox Tech. Servs. Corp., 329 F.3d 600, 608 (8th Cir. 2003)("Where, as here, 'federal subject matter jurisdiction is based on ERISA, but the evidence fails to establish the existence of an ERISA plan, the claim must be dismissed for lack of subject matter jurisdiction.'").

1

2. The Amended Complaint must be dismissed against the individuals who are referred to in the complaint as liable (although not named as parties) pursuant to Fed. R. Civ. P. 12(b)(5) because they have not been served with process, and pursuant to 12(b)(2) because the insufficiency of service of process deprives this court of personal jurisdiction over these individuals.

3. The Amended Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure of the plaintiff to assert a claim upon which relief can be granted because the plaintiff has not pled sufficient facts to establish that the insurance policies in question are "plans" governed by ERISA. Alternatively, if plaintiff has stated sufficient facts to establish the existence of a qualified plan, his state claims for breach of contract, breach of the covenant of good faith and fair dealing, "general restitution", and infliction of distress must be dismissed as they are preempted by ERISA.

4. Venue in Massachusetts is inappropriate here because all of the witnesses to the events and transactions at issue are in California (including defendant's employees, insurance brokers, and health care providers), all of the relevant documents are in the hands of California health providers, and all of the acts complained of occurred in California.

For all the foregoing reasons, as more fully set forth in the memorandum of law submitted in support of this motion, plaintiff's complaint must be dismissed.

REQUEST FOR HEARING

Defendant, requests a hearing on this motion.

                                          Respectfully submitted,
                                          ENKATA TECHNOLOGIES, INC.
                                          By its attorney,


                                           /s/     Edward C. Cooley
                                          Edward C. Cooley  BBO # 550117
                                          GIARRUSSO, NORTON, COOLEY
                                            & McGLONE, P.C.
                                          308 Victory Road
                                          Quincy, MA  02171
                                          (617) 770-2900