UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK N. FELLENZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ENKATA TECHNOLOGIES, INC., | ) |
| | ) |
| Defendant | ) |

C.A. No. 04-10563-PBS

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Despite the mandates of Fed.R.Civ.P. 8(a)(2), calling for a plaintiff to render "a

short and plain statement of the claim," the plaintiff has filed a discursive, 46-page

Amended Complaint that amounts to no more than a rambling diatribe against his former

employer, the defendant, Enkata Technologies, Inc.  Although plaintiff's pro se status

calls for this court to apply a less stringent standard to his pleadings than that for

pleadings drafted by counsel, this relaxed standard neither requires the court to "conjure

up unpled allegations", nor relieves the pro se plaintiff of his obligation to prove the

substantive and jurisdictional basis for his lawsuit by mustering more than "unsupported

conclusions or interpretations of law." Washington Legal Found. v. Massachusetts Bar

Found., 993 F.2d 962, 971 (1st Cir. 1993); Overton v. Torruella et al., 183 F. Supp. 2d

295, 303 (D. Mass. 2001) (holding that pro se plaintiffs "must comply with applicable

procedural and substantive rules of law").  Thus, plaintiffs are obliged to set forth in their

complaint "factual allegations, either direct or inferential, regarding each material

element necessary to sustain recovery under some actionable legal theory." Gooley v.

Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988).

Here the plaintiff has failed to establish either subject matter jurisdiction of this

court or personal jurisdiction over various individuals who are described as liable though

not named as defendants (plaintiff has also failed to serve these individuals with process).

Additionally, even if these jurisdictional hurdles were cleared, the plaintiff has failed to

plead sufficient facts entitling him to relief. Accordingly, as set forth more fully below,

the plaintiff's Amended Complaint must be dismissed.

### FACTS

Piercing through the extraneous material of the Amended Complaint, it appears

that the essential facts are as follows:

As a former employee of defendant, the plaintiff elected continued health

insurance coverage under the Consolidated Omnibus Budget Reconciliation Act

(COBRA) of 1985.  (Amended Complaint ¶ 13).  Plaintiff alleges that, in March 2002, he

became seriously ill and required extensive medical treatment, although nowhere in the

Amended Complaint does he ever describe the nature of his illness nor the course of

treatment.  (Amended Complaint ¶ 13).

Throughout the period of March 2002 through September 2002, plaintiff paid his

premiums in a timely manner, and health insurance coverage was generally fulfilled by

HealthNet, the carrier of record, for the period of March 2002 through August 2002.

(Amended Complaint ¶ 14).  In early July 2002, plaintiff started additional treatment in

effort to treat a very serious (though unidentified) illness that surfaced in March 2002.

(Amended Complaint ¶ 15).  The doctor was considered 'in network' and was approved

by HealthNet, the original insurer, to deliver on-going treatment. Id.

In late August 2002, the plaintiff paid the September 2002 premium directly to

HealthNet in a timely manner, as he had for many months without incident. (Amended

Complaint ¶ 19).  In early September 2002, the check for September 2002 premium

cleared, i.e. funds were transferred to HealthNet. (Amended Complaint ¶ 20).  The

plaintiff received continuing treatment per the treatment plan put forth by his doctor and

approved by HealthNet. (Amended Complaint ¶ 21).

The plaintiff learned through a series of communications with HealthNet in

October and November 2002 that Enkata had changed heath insurance carriers retroactive

to September 1.  (Amended Complaint ¶ 24).  Accordingly, after contacting the HMO

Help Center and defendant's insurance broker, plaintiff was retroactively enrolled with

the new health insurance carrier, Blue Shield. (Amended Complaint ¶ 30).  The

unidentified treatment that plaintiff was receiving for his unspecified illness was not,

however, covered under Blue Shield's policy and, accordingly, Blue Shield denied

plaintiff's claim for benefits for the treatment.  (Amended Complaint ¶ 32).  The plaintiff

appealed the decision with Blue Shield but the appeal was denied on July 3, 2003 and

then again later in 2003 after plaintiff purportedly pressed a further appeal. Id.

On the strength of these facts, plaintiff makes the following claims pursuant to

ERISA: a claim for benefits, a claim for breach of fiduciary duty, and a claim for failure

of defendant to provide proper notices.  (Amended Complaint ¶ 5).  The plaintiff also

makes common law claims for breach of contract, breach of the covenant of good faith

and fair dealing, "general restitution", and infliction of distress. (Amended Complaint,

Section Titled "Relief", starting at page 38).   Finally, the plaintiff claims that, "while not

as well understood as Plaintiff would like", certain individuals working for the defendant

are "personally responsible for egregious transgressions."  (Amended Complaint ¶ 84).

The plaintiff then "identifies the following individuals as having participated in this

matter in direct association with Defendant ...  (in no particular order): Mr. Peter Caswell,

President & CEO; Mr. Michael Chen, COO (former President & CEO); Mr. Randy

Heppner, Controller (former); Ms. Leticia Angeles, HR/Office Manager; Mr. Patrick

Sherman, Fenwick & West LLP (Defendant's counsel); Mr. Raymond Hixson, Jr.

Fenwick & West LLP (Defendant's counsel); Mr. Wayne Boulais, Board

Member/Investor ( General Partner, Apex Venture Partners); and Mr. Perry Wu, Board

Member/Investor (General Partner, ComVentures)."  Id.  This list includes defendant's

counsel.  Nowhere in the Amended Complaint, however, does the plaintiff say what these

individuals did to incur personal liability.

## ARGUMENT

1.     **The Plaintiff's Amended Complaint Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1) Because This Court Lacks Subject Matter Jurisdiction Over This Action**

       A motion to dismiss an action under Rule 12(b)(1) . . . raises the fundamental

question whether the federal district court has subject matter jurisdiction over the action

before it. United States v. Lahey Clinic Hosp., Inc., 399 F.3d 1 (1st Cir. 2005) citing 5B

Charles Alan Wright & Arthur B. Miller, Federal Practice and Procedure § 1350, at 61

(3d ed. 2004).  If challenged, federal jurisdiction is presumed to be lacking until

established otherwise. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377,

128 L. Ed. 2d 391 (1994). Once a defendant moves pursuant to Rule 12 (b)(1) for an

action to be dismissed for want of subject matter jurisdiction, the plaintiff shoulders the

burden of proof in demonstrating the existence of such jurisdiction. Aversa v. United

States, 99 F.3d 1200, 1209 (1st Cir. 1996).

      Admittedly, when considering a motion to dismiss for lack of subject matter

jurisdiction, the court "must construe the complaint liberally, treating all well-pleaded

facts as true and indulging all reasonable inferences in favor of the plaintiff." Aversa, 99

F.3d at 1210. Furthermore, when considering the allegations of a pro se plaintiff, a less

stringent standard is to be applied than for pleadings drafted by counsel. Haines v.

Kerner, 404 U.S. 519, 520, 30 L. Ed. 2d 652 (1972).  However, this relaxed standard

neither requires the court to "conjure up unpled allegations" in a pro se complaint,

Haines, 404 U.S. at 521, nor relieves the pro se plaintiff of his obligation to prove a

jurisdictional basis for his lawsuit by mustering more than "unsupported conclusions or

interpretations of law." Washington Legal Found. v. Massachusetts Bar Found., 993 F.2d

962, 971 (1st Cir. 1993).  Dismissal is called for when it appears "the court lacks

jurisdiction over the claims or the parties." Overton v. Torruella et al., 183 F. Supp. 2d

295, 303 (D. Mass. 2001) (holding that pro se plaintiffs "must comply with applicable

procedural and substantive rules of law").

      In the case *sub judice,* the plaintiff has alleged that the defendant has committed

numerous ERISA violations in administering the "plan" without alleging sufficient facts

to establish that the health insurance policies here at issue constitute ERISA governed

plans. "Where, as here, 'federal subject matter jurisdiction is based on ERISA, but the

evidence fails to establish the existence of an ERISA plan, the claim must be dismissed

for lack of subject matter jurisdiction.'" Eide v. Grey Fox Tech. Servs. Corp., 329 F.3d

600, 608 (8th Cir. 2003).

> ERISA's statutory definition of a benefit plan states in part:

> The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment, . . . .

*29 U.S.C. § 1002*(1)(A).

Although "there is no authoritative checklist that can be consulted to determine

conclusively if [benefits] rise to the level of [a] plan" under ERISA, the First Circuit

Court of Appeals has indicated that it would be inclined to find a plan where there are

elements that "involve administrative activity potentially subject to employer abuse,"

New England Mutual Life Insurance Company v. Mirza, 166 F.3d 1, 4 (1st Cir. 1999)

citing Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 16 (1987).  A mere purchase of

insurance by an employer is not, however, sufficient to establish a plan under ERISA. Id.

citing Wickman v. Northwestern National Life Ins. Co., 908 F.2d 1077, 1082 (1st Cir.

1990).

A generous reading of the Amended Complaint establishes that the plaintiff paid

premiums directly to an insurance provider for coverage under a health insurance policy

procured by defendant, that he dealt directly with that provider in ascertaining whether

coverage was available, that he was subsequently denied coverage under the second

policy procured by defendant for treatment the first carrier provided, and that when he

appealed that decision to the second carrier, his appeal was denied.  Essentially, all of the

administrative functions, by plaintiff's own admission, were carried out by the insurance

companies.  Moreover, it is clear from plaintiff's allegations that Blue Shield, and not

Enkata, made the coverage decisions of which the plaintiff complains.  Accordingly, the

plaintiff has failed to allege sufficient facts that defendant either "established" or

"maintained" a plan under ERISA.  Since federal subject matter jurisdiction is here based

on ERISA, and the Amended Complaint fails to establish the existence of an ERISA plan,

the Amended Complaint must be dismissed for lack of subject matter jurisdiction.

**2.      The Plaintiff's Amended Complaint Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5) Because This Court Lacks Personal Jurisdiction Over The Individuals Named In The Action and Those Individuals Have Not Been Served With Process**

To hear a case, a court must have personal jurisdiction over the parties, "that is,

the power to require the parties to obey its decrees." United States v. Swiss Am. Bank,

Ltd., 191 F.3d 30, 35 (1st Cir. 1999). The plaintiff bears the burden of proving the court's

personal jurisdiction over the defendant.  Foster-Miller, Inc. v. Babcock & Wilcox

Canada, 46 F.3d 138, 145 (1st Cir. 1995); Boit v. Gar-Tec Prods., Inc., 967 F.2d 671,

674-75 (1st Cir. 1992). The district court, faced with a motion to dismiss for lack of

personal jurisdiction under Fed. R. Civ. P. 12(b)(2), may choose from among several

methods for determining whether the plaintiff  has met this burden. Foster-Miller, 46 F.3d

at 145; Boit, 967 F.2d at 674-75. "The most conventional of these methods," known as

the "prima facie" method, "permits the district court 'to consider only whether the

plaintiff has proffered evidence that, if credited, is enough to support findings of all facts

essential to personal jurisdiction.'" id. quoting <u>Boit</u>, 967 F.2d at 675; see also <u>Barrett v. Lombardi</u>, 239 F.3d 23, 26 (1st Cir. 2001). The court need not "credit conclusory allegations or draw farfetched inferences," <u>Ticketmaster-New York, Inc. v. Alioto</u>, 26 F.3d 201, 203 (1st Cir. 1994), but must credit specific facts set forth in the record and supported by competent evidence, See <u>Barrett</u>, 239 F.3d at 26.

As to the individuals identified in paragraph 84 of the plaintiff's Amended Complaint (although not named as parties), the plaintiff provides no indication as to why this court would have personal jurisdiction over these California residents.  This failure of pleading alone is sufficient to warrant dismissal for lack of personal jurisdiction, but the failure is more than skin deep: there is no personal jurisdiction over these individuals.

First, in the absence of identifying these individuals as named plan administrators, there is no basis for personal liability of these individuals.  See, <u>Beegan v. Associated Press</u>, 43 F. Supp. 2d 70, 73-74 (D. Me. 1999) (Amended Complaint that failed to identify party as being plan administrator dismissed).  Second, it is uncontroverted that service of process has not been attempted on these individuals much less affected, warranting dismissal under Fed. R. Civ. P. 12(b)(5) and, in this federal question case, under 12(b)(2) as well. Before a district court can exercise personal jurisdiction over a defendant in a federal question case, plaintiff must establish that service of process is authorized by a federal statute or rule. See <u>Lorelei Corp. v. County of Guadalupe</u>, 940 F.2d 717, 719 (1st Cir. 1991).  This statutory limitation on the district court's exercise of personal jurisdiction must be satisfied, for although service of process and personal jurisdiction are distinct concepts, they are also closely related, and a court cannot obtain

8

personal jurisdiction without effective service of process. Lorelei, 940 F.2d at 719-20 n. 1

citing Driver v. Helms, 577 F.2d 147, 155 (1st Cir. 1978).  In this case, there has been no

service of process made on these individuals and there can be, therefore, no personal

jurisdiction over them. Accordingly, to the extent that the Amended Complaint purports

to state a claim against these individuals, such claims must be dismissed.

**3.      The Plaintiff's Amended Complaint Must Be Dismissed Pursuant to Fed. R.
          Civ. P. 12(b)(6) For Failure To a Claim Upon Which Relief May Be Granted**

When evaluating, pursuant to Fed.R.Civ.P. 12(b)(6), the sufficiency of a

complaint, the court must accept all well-pled factual averments as true, and draw all

reasonable inferences therefrom in plaintiff's favor. McDonald v. Sante Fe Trail Transp.

Co., 427 U.S. 273, 276, 49 L. Ed. 2d 493 (1976); Gooley v. Mobil Oil Corp., 851 F.2d

513, 514 (1st Cir. 1988). In so doing, however, the court also must "eschew any reliance

on bald assertions, unsupportable conclusions, and 'opprobrious epithets.'" Chongris v.

Board of Appeals, 811 F.2d 36, 37 (1st Cir.), *cert. denied*, 483 U.S. 1021, 97 L. Ed. 2d

765 (1987) (quoting Snowden v. Hughes, 321 U.S. 1, 10, 88 L. Ed. 497 (1944)). It is only

if the complaint, so viewed, presents no set of facts justifying recovery that the complaint

may be dismissed. Conley v. Gibson, 355 U.S. 41, 45-48, 2 L. Ed. 2d 80 (1957); Gooley,

851 F.2d at 514.

The First Circuit Court of Appeals has repeatedly cautioned that, notice pleading

notwithstanding, Rule 12 (b)(6) is not entirely a toothless tiger. "Minimal requirements

are not tantamount to nonexistent requirements. The threshold [for stating a claim] may

be low, but it is real . . . ." Gooley, 851 F.2d at 514. Thus, plaintiffs are obliged to set

forth in their complaint "factual allegations, either direct or inferential, regarding each

material element necessary to sustain recovery under some actionable legal theory." *Id.* at

The plaintiff has failed to do so here.

As noted above, the plaintiff has failed to establish that the insurance policies in

question qualify as ERISA governed plans or that the individuals named in the Amended

Complaint are plan administrators subject to liability for their conduct.  Moreover, even

under ERISA, the plaintiff fails to state why the failure of the insurance policy in

question to cover his treatment subjects the defendant to liability.  The defendant was not

required to inquire of every potential participant what treatments they were receiving in

order to ascertain whether such coverage would continue under the new policy.  Indeed,

"absent a promise or misrepresentation, the courts have almost uniformly rejected claims

by plan participants or beneficiaries that an ERISA administrator has to volunteer

individualized information taking account of their peculiar circumstances."  Barrs v.

Lockheed Martin Corp., 287 F.3d 202 (1st Cir. 2002).

Additionally, to the extent that this court finds the claims asserted by the

Amended Complaint to be governed by ERISA, the plaintiff's common law claims for

breach of contract, breach of the covenant of good faith and fair dealing, "general

restitution", and infliction of distress must be dismissed as they are preempted by ERISA.

Congress enacted ERISA in 1974 in order to "comprehensively and exclusively regulate

employee benefit plans."  Charlton Memorial Hospital v. The Foxboro Company, 818 F.

Supp. 456 (D. Mass. 1993).  Section 1144(a) emphatically states that ERISA shall

"supersede any and all state laws, insofar as they may now or hereafter relate to any

employee benefit plan." 29 U.S.C. 1144(a). "The term 'state law' includes all laws,

decisions, rules, regulations, or other state action having the effect of law, of any state."

29 U.S.C. §1144(c).  The Supreme Court has established that "a law 'relates to' an

employee benefit plan...if it has a connection with or reference to such a plan."  Carlo v.

Reed Rolled Thread Die Co., 49 F.3d 790 (1st Cir. 1995)(citing, Ingersoll-Rand, Co. v.

McClendon, 498 U.S. 133, 139 (1990)).  "Under this 'broad, common-sense meaning,' a

state law may 'relate to' a benefit plan, and thereby be preempted, even if the law is not

specifically designed to affect such plans or the effect is only indirect."  Id. (quoting Pilot

Life Insurance Co. v. Dedeaux, 481 U.S. 41, 47 (1987).  Moreover, the First Circuit

Court of Appeals has held that "a claim under state law 'relates to' a regulated plan if, in

essence, it is a claim for benefits under ERISA."  Nash v. Trustees of Boston University,

946 F.2d. 960, 964 n.8 (1st Cir. 1991).  The plaintiff in this action is clearly seeking to

recover benefits he claims are due to him under the health insurance policies at issue and

all of his claims are related to or arise out of that fundamental complaint.

The Federal Court for the District of Massachusetts and the First Circuit Court of

Appeals have had numerous opportunities to pass upon whether certain state claims are

preempted by ERISA.  The controlling decisions establish without any doubt that the

plaintiff's state law claims, such as they are, are preempted by ERISA:  Ryan v. Fallon

Community Health Plan, 921 F. Supp. 34 (D. Mass. 1996)(breach of contract claims,

preempted by ERISA); Carlo v. Reed Rolled Thread Die Co., 49 F.3d 790 (1st Cir.

1995)(negligent misrepresentation claim preempted by ERISA); McMahon v. Digital

Equipment Corp., 998 F. Supp. 62, 64 (D. Mass. 1998) (breach of contract, negligence,

and interference with an advantageous business relationship claims preempted); See also,

Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41 (1997)(under ERISA, a claimant's common law contract and tort claims are preempted). Given the well established law in this circuit, it is clear that plaintiff's state law claims are preempted by ERISA. Accordingly, all such claims and allegations set forth in plaintiff's Amended Complaint must be dismissed.

**4.      This Action Should Be Transferred To The United States District Court For The District of California On The Ground of Forum Non Conveniens**

Venue in Massachusetts is inappropriate here because all of the witnesses to the events and transactions at issue are in California (including the defendant), all of the relevant documents are in the hands of California health providers, and all of the acts complained of occurred in California.

When a defendant moves for dismissal on forum non conveniens grounds, it bears the burden of showing both that an adequate alternative forum exists and that considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum. Mercier v. Sheraton Int'l, Inc., 935 F.2d 419, 423 (1st Cir. 1991). Courts generally deem the first requirement satisfied if the defendant demonstrates that the alternative forum addresses the types of claims that the plaintiff has brought and that the defendant is amenable to service of process there. Iragorri v. International Elevator, Inc., 203 F.3d 8 (1st Cir. 2000) citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 n.22., 70 L. Ed. 2d 419 (1981). That is clearly the case here where the defendant is a California corporation.

As to the second step in the analysis, considerations relevant to the issue include "the relative ease of access to sources of proof; availability of compulsory process for

attendance of unwilling, and the cost of obtaining attendance of willing, witnesses ….”
Id. citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09, 91 L. Ed. 1055 (1947).  The
convenience of the witnesses is “probably the most important factor, and the factor most
frequently mentioned, in passing on a motion to transfer under 28 U.S.C.A. § 1404(a).”
Brant Point Corp. v. Poetzsch, 671 F. Supp. 2, (D. Mass 1987) citing 15 Wright, Miller &
Cooper, *Federal Practice and Procedure 2d* § 3851 at 415 (1986); Saminsky v.
Occidental Petroleum Corp., 373 F. Supp. 257, 259 (S.D.N.Y. 1974) (“The most
significant factor to be considered is the convenience of party and non-party witnesses.”);
Houk v. Kimberly-Clark Corp., 613 F. Supp. 923, 929 (W.D.Mo. 1985) (“The
convenience of witnesses is said to be a primary, if not the most important, factor in
passing on a motion to transfer under § 1404(a).”). ‘In analyzing the convenience of the
witnesses, the Court must consider not only the number of potential witnesses located in
the transferor and transferee districts, but also the nature and quality of their testimony
and whether they can be compelled to testify.” Ratner v. Hecht, 621 F. Supp. 378, 382
(N.D.Ill. 1985).

Here the plaintiff is the only connection this suit has to Massachusetts. There can
be no doubt that the case would be more efficiently adjudicated in California where all of
the witnesses (i.e, Enkata employees, insurance brokers, and health care providers) and
documents are located, where all of the events complained of occurred, and where there
is “relative ease of access to sources of proof; availability of compulsory process for
attendance of unwilling, and the cost of obtaining attendance of willing, witnesses.”
Accordingly, this case should be transferred to the District Court for the District of

California.

## **CONCLUSION**

For all of the foregoing reasons, the plaintiff's Amended Complaint must be

dismissed in its entirety or, if not so dismissed, this action should be transferred to the

District Court for the District of California.

Respectfully submitted,
ENKATA TECHNOLOGIES, INC.
By its attorney,


 /s/    Edward C. Cooley
Edward C. Cooley  BBO # 550117
GIARRUSSO, NORTON, COOLEY
  & McGLONE, P.C.
308 Victory Road
Quincy, MA  02171
(617) 770-2900
