## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**EMERGENCY MOTION OF PLAINTIFF TO EXTEND THE TIME WITHIN WHICH IT MAY RESPOND TO DEFENDANT'S MOTION TO DISMISS**

Mark N. Fellenz
PLAINTIFF

CIVAL ACTION

V.

NO. 04•10563 PBS

Enkata Technologies
DEFENDANT

## STATEMENT

1. In regard to Defendant's Motion to Dismiss Plaintiff's Amended Complaint (#25), Mark Fellenz ("Plaintiff") hereby files Emergency Motion and moves this Honorable Court to extend the time within which Plaintiff may object to Defendant's Motion to Dismiss, if necessary.

2. This Motion is filed on an emergency basis as Plaintiff is uncertain as to what the timeframes for response are – Plaintiff's documentation on rules and procedures is unavailable at this time – and Plaintiff is rather concerned that a filing deadline with respect to Defendant's Motion to Dismiss is imminent. Should an emergency filing not be appropriate given true timeframes, Plaintiff requests that this filing be treated as a standard Motion and handled in normal course.

3. Plaintiff requests additional time for the following reasons.

    ➢ As agreed-upon during the Scheduling Conference on March 3, 2005, Plaintiff agreed to file an amended Complaint and Defendant agreed to file an Answer. This turn of events, namely Defendant filing a Motion to Dismiss instead of an Answer, is unexpected and goes against

*[handwritten margin notes: "5/24/05 Plaintiff now has a 60 day extension. Don't fax filings. Paul B Saros"]*

what was agreed to in Court. Plaintiff would clearly not have taken the extraordinary effort to redraft and resubmit an amended Complaint had that effort only served to afford Defendant an opportunity to avoid responsibility for the matter before the Court. Plaintiff suddenly finds himself on the defensive when it is clearly Defendant that should be defending itself in the form of an Answer to the amended Complaint per the process agreed to in the Scheduling Conference.

- Plaintiff has not had the time to review Defendant's Motion, which was only opened and read on May 23, 2005 and after the close of business. Plaintiff had erroneously assumed Defendant had Answered the amended Complaint as agreed to in Court, and Plaintiff needs more time to prepare, draft, and submit a suitable Objection, if necessary.

- Defendant requested of the Court via Emergency Motion (#24) filed on April 12, 2005 "*to extend the time within which it may answer the amended complaint*". [Plaintiff's emphasis on 'answer'.] This clearly conveys Defendant's intent to answer the amended Complaint when at the same time pleading with the Court for more time (so that Defense counsel could enjoy his extended vacation rather than respond to the amended Complaint in the expected timeframe). This is a clear indication of the agreement to Answer the amended Complaint, not ultimately motion to dismiss the matter entirely.

- Plaintiff objects to Defendant's Motion to Dismiss and, naturally, needs the time to properly prepare, draft, and submit a suitable Objection, if needed.

- The Court has awarded Plaintiff Pro Bono Counsel and, naturally, Plaintiff would appreciate the time to actually receive counsel prior to dealing with Defendant's Motion to Dismiss.

4. Plaintiff moves this Honorable Court to extend the time within which Plaintiff may prepare and submit a suitable Objection to Defendant's Motion to Dismiss. If appropriate, Plaintiff moves

this Honorable Court to Stay Defendant's Motion to Dismiss until which time the outstanding matter of Pro Bono counsel is finally resolved, i.e. counsel appointed and Plaintiff receives appropriate counsel on this and other matters.

| | |
|---|---|
| Signature | */s/ Mark Fellenz* |
| Name | MARK FELLENZ, PRO SE |
| Address | 95 LANGLEY ROAD #1<br>NEWTON CENTER, MA 02459 |
| Telephone | 857-205-5742 (cellular) |