UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARK N. FELLENZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ENKATA TECHNOLOGIES, INC., )<br>)<br>Defendant ) | C.A. No. 04-10563-PBS |

### DEFENDANT'S OPPOSITION TO "MEMORANDUM" OF PLAINTIFF

On October 17, 2005, the parties to this action attended a court ordered (Saris, J.) mediation. The plaintiff was represented by *pro bono* counsel who had been appointed by the court for the specific purpose of representing plaintiff at the mediation.

After a nearly all-day mediation, the parties settled the matter under the following terms:

1. The defendant would pay the plaintiff a substantial sum directly and would also pay plaintiff's treating physician directly an amount equal to the unpaid medical bill that was at issue in this case.;

2. The plaintiff would release defendant from all "claims, damages, liability, expense or cost of any kind, known or unknown, which may have accrued as of the settlement date, and which were asserted in the complaint or could have been asserted in the litigation."

The mediator reported to the Court that the matter settled and the Court issued a

1

settlement order of dismissal on October 20, 2005.

On November 4, 2005, counsel for the defendant e-mailed the finalized settlement agreement to defendant's counsel with a note stating that defendant had signed off on the agreement and "payment can be made within days of receipt of the agreement executed by your client." Moreover, defendant's counsel deposited the settlement proceeds in his IOLTA escrow account on November 7, 2005. Accordingly, on November 18, 2005, defendant's counsel emailed plaintiff's counsel asking for a status with respect to the executed settlement agreement and informing him that the funds were in the escrow account and available for disbursement.

Thereafter, in early December 2005, defendant's counsel was advised by plaintiff's counsel that although the settlement agreement reflected the terms reached at the mediation, the plaintiff refused to execute it.

The plaintiff has now filed a "Memorandum" (which he did not serve on defendant's counsel) three months after reaching settlement in this case, indicating that he has fired *pro bono* counsel for, among other things, allegedly violating the attorney-client privilege by sharing privileged communications with defense counsel without the authorization to do so. Undersigned counsel, who has represented the defendant throughout this matter, attests that defendant's *pro bono* counsel never disclosed any attorney-client communications that he had with plaintiff to defendant's counsel.

This matter has been dismissed by the court and there is no good cause for returning it to the docket. The parties settled the case at mediation, the mediator reported the case settled, defendant's counsel drafted a settlement agreement that accurately

reflects the terms upon which settlement was reached, the defendant executed the settlement agreement over two months ago, and the settlement proceeds have been in defendant's counsel's IOLTA account since November 7, 2005.  Accordingly, the defendant moves this court to enter an order authorizing the disbursement of the settlement proceeds by defendant's counsel as set forth above and adopting the terms of the settlement agreement as an order of this court.

                Respectfully submitted,
                ENKATA TECHNOLOGIES, INC.
                By its attorney,


                /s/   Edward C. Cooley
                Edward C. Cooley  BBO # 550117
                GIARRUSSO, NORTON, COOLEY
                 & McGLONE, P.C.
                308 Victory Road
                Quincy, MA  02171
                (617) 770-2900